## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BEAVER RESEARCH COMPANY, | Case No. |
| Plaintiff, | Hon. |
| v. | Magistrate Judge |
| THE HUNTINGTON NATIONAL BANK, | **NOTICE OF REMOVAL** |
| Defendant. | |

## NOTICE OF REMOVAL

Defendant The Huntington National Bank ("Huntington") hereby removes this action from the 9th Circuit Court for the County of Kalamazoo, State of Michigan, to the United States District Court for the Western District of Michigan. In support of removal, Huntington states as follows:

## State Court Action

1. On or about April 25, 2024, plaintiff Beaver Research Company ("Beaver Research") filed an action in Michigan state court captioned as *Beaver Research Company v. The Huntington National Bank*, State of Michigan, Ninth Circuit Court, Kalamazoo County, Case No. 24-0267, assigned to the Hon. Curtis J. Bell ("State Court Action").

2. Huntington acknowledged service of the summons and complaint on May 21, 2024.

3. This action is removable to the Court under 28 U.S.C. § 1441(a), which provides that an action brought in state court of which the district courts have original jurisdiction may be removed to the district court and division embracing the place where such action is pending.

## Diversity Jurisdiction

4. The Court now has original jurisdiction over the State Court Action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties to this action because they are citizens of different states, and the amount in controversy exceeds $75,000.

5. In its complaint, Beaver Research alleged that it is a Michigan corporation with its principal place of business located in Portage, Michigan. Beaver Research, therefore, is a citizen of the State of Michigan. *See* Complaint, ¶ 1.

6. Huntington is a national banking association with its headquarters and principal place of business in Ohio, and, therefore, it is a citizen of the state of Ohio.

7. In its complaint, Beaver Research alleged it has incurred damages totaling at least $883,438.05, the amount that it alleges its former employee embezzled from Beaver Research's bank account with Huntington, with the exception of one refund from Huntington in the amount of $5,811.64. *See* Complaint, ¶¶ 10-21, 30. It specifically alleges, "Plaintiff has suffered damages and is entitled to a refund of the amount of the fraudulent transactions, with interest pursuant to MCL 440.4704(1). *Id*., ¶ 30. Based on these allegations, the amount in controversy requirement has been met.

## Procedural Requirements

8. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely because Huntington filed this Notice of Removal within thirty days of service of the initial pleading.

9. Furthermore, this Notice of Removal complies with the requirement of 28 U.S.C. § 1446(c)(1) because the State Court Action was commenced less than one year ago.

10. In accordance with 28 U.S.C. § 1446(d), separate copies of this Notice are being sent to Beaver Research and filed with the Kalamazoo County Circuit Court in the State Court Action.

11. The undersigned has read this notice of removal and, to the best of the undersigned's knowledge, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law and is not interposed for any improper purpose. This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

12. Attached as **Exhibit A** are all pleadings and papers filed in the State Court Action to date.

        Respectfully submitted,

        BODMAN PLC

        By: */s/ J. Adam Behrendt*
             J. Adam Behrendt (P58607)
             Melissa B. Moore (P73018)
        201 W. Big Beaver Road, Suite 500
        Troy, MI  48084
        (248) 743-6000
        Attorneys for Defendant
        jbehrendt@bodmanlaw.com
        mmoore@bodmanlaw.com

June 7, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2024, I caused the foregoing Notice of Removal and this Certificate of Service to be electronically filed by using the CM/ECF system which will notify all counsel of record and, further, that a copy of the foregoing Notice of Removal was sent to the following counsel of record via U.S. first class mail and email:

    Daniel W. Boocher
    Robb S. Krueger
    Kreis, Enderle, Hudgins & Borsos P.C.
    333 Bridge Street NW, Suite 900
    Grand Rapids, MI 49504
    dboocher@kreisenderle.com
    rkrueger@kreisenderle.com

                */s/ J. Adam Behrendt*

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>9th  JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** | **CASE NO.**<br>2024-0267-CB |

Court address: 330 Eleanor Street, Kalamazoo, MI 49007

Court telephone no. (269) 383-8837

**Curtis J. Bell**

| Plaintiff's name, address, and telephone no.<br>Beaver Research Company<br>3700 E Kilgore Road<br>Portage, MI 49002<br>269-382-0133 | v | Defendant's name, address, and telephone no.<br>The Huntington National Bank<br>c/o CT Corporation System<br>40600 Ann Arbor Road E., Suite 201<br>Plymouth, MI 48170-4675 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Daniel W. Boocher (P81550)/Robb S. Krueger (P66115)<br>Kreis, Enderle, Hudgins & Borsos, P.C.<br>333 Bridge Street, NW, Suite 900<br>Grand Rapids, MI 49504<br>616-254-8400 | | **FILED**<br>May 3, 2024<br>9TH JUDICIAL CIRCUIT<br>COUNTY OF KALAMAZOO<br>KALAMAZOO, MICHIGAN |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☒ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>MAY 3, 2024 | Expiration date*<br>AUGUST 2, 2024 | Court clerk<br>Denise Wilson |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**  MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons (3/23)                                                    Case No. _____

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached)   a copy of the summons and complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____    on  _____
Attachments (if any)                                                          Date and time

                                              on behalf of  _____
_____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## IN THE 9TH CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO
### 330 Eleanor Street, Kalamazoo, MI 49007 (269) 383-8837

BEAVER RESEARCH COMPANY,   Case No. 24- 0267 -CB

    Plaintiff,   Hon.  Curtis J. Bell

v.

THE HUNTINGTON NATIONAL BANK,

    Defendant.

---

Daniel W. Boocher (P81550)
Robb S. Krueger (P66115)
KREIS, ENDERLE, HUDGINS & BORSOS P.C.
Attorneys for Plaintiff
333 Bridge Street NW, Suite 900
Grand Rapids, MI 49504
(616) 254-8400 / (616) 254-8410 (f)
dboocher@kreisenderle.com
rkrueger@kreisenderle.com

---

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

NOW COMES Plaintiff, Beaver Research Company ("Plaintiff"), by and through its attorneys, *KREIS, ENDERLE, HUDGINS & BORSOS, P.C.*, and hereby states the following for its Complaint against The Huntington National Bank ("Defendant" or "Huntington Bank"):

### JURISDICTION AND VENUE

1. Plaintiff is a Michigan corporation, transacting business in the State of Michigan, County of Kalamazoo, with its principal place of business located at 3700 E. Kilgore Road, Portage, MI 49002.

1

2. Upon information and belief, Defendant Huntington Bank is a national banking association organized and existing under the laws of the United States of America, authorized to do business in the State of Michigan and conducts business in the County of Kalamazoo, with its principal place of business located at 17 South High Street, Columbus, OH 43215.

3. This case involves commercial bank transactions regarding Plaintiff's account with Huntington Bank.

4. The amount in controversy is greater than $25,000.00.

5. Jurisdiction and venue are appropriate in this Court.

6. This matter involves a business or commercial dispute, as defined in MCL 600.8031, and thus qualifies for the Court's business docket.

## GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference paragraphs 1 through 6 above.

8. Plaintiff is a customer of Huntington Bank and maintains a business checking account with Huntington Bank, with last four digit Account No. ******7468

9. Plaintiff is premier specialty chemical research and supply company, headquartered in West Michigan which offers a range of products and services to its various customers throughout the United States.

10. Plaintiff previously employed Ms. Erin Marie Hunter ("Ms. Hunter") as a financial controller and book keeper, and allowed her partial access to the company's Huntington Bank account to assist with processing payments to various recipients.

11. Ms. Hunter engaged in an extensive scheme of embezzlement dating back to at least 2017, whereby she would fraudulently use Plaintiff's account credentials to have money transferred from Plaintiff's account to her separate and individual Huntington Bank account(s).

2

12. Since 2017, Ms. Hunter was able to embezzle from Plaintiff no less than $883,438.05 via hundreds of transactions, until her death on June 7, 2023.

13. As a part of each transaction, Plaintiff would receive notice of each transaction and have to approve each one in accordance with the security protocol/procedure implemented by Huntington Bank.

14. However, for each of the fraudulent transactions, Huntington Bank would incorrectly represent to Plaintiff information indicating that the funds were being processed, and were to be sent, to the intended and listed recipient on each transaction, when in actuality the funds were being processed and sent into Ms. Hunter's separate and individual account(s).

15. Ms. Hunter altered the identifying information on the recipients account numbers to her own for each fraudulent transaction, but the description of where the funds were going was never modified by Ms. Hunter or Huntington Bank to indicate that the funds were *not* being processed for the intended and listed recipient.

16. Instead, Huntington Bank, through its own security system and procedures, represented to Plaintiff that the funds were being processed for the intended and listed recipient(s), when in fact they were not.

17. Huntington Bank had actual knowledge that the transactions were fraudulent because Ms. Hunter used a personal account number from their banking system.

18. The above-referenced ACH and/or wire transfers would not have been approved by Plaintiff if the correct recipient had been listed on the transaction.

19. Plaintiff has seasonably notified Huntington Bank of the fraudulent transactions and disputed them.

20. Huntington Bank has unlawfully denied all liability, despite it having affirmatively misrepresented information related to each transaction.

21. To date, Plaintiff has received no refund or reimbursement from Huntington Bank, with the exception of one $5,811.64 transaction, refunded on May 24, 2023.

## COUNT I – UNAUTHORIZED TRANFERS AND VIOLATIONS OF UCC ARTICLE 4A

22. Plaintiff incorporates by reference paragraphs 1 through 21 above.

23. To the extent these transfers are governed by Article 4A of the Uniform Commercial Code (the "UCC"), the relevant portion of Article 4A of the UCC states in part as follows:

> If a receiving bank accepts a payment order issued in the name of its customer as sender which is (i) not authorized and not effective as the order of the customer under section 4A202, or (ii) not enforceable, in whole or in part, against the customer under section 4A203, the bank shall refund any payment of the payment order received from the customer to the extent the bank is not entitled to enforce payment and shall pay interest on the refundable amount calculated from the date the bank received payment to the date of the refund. However, the customer is not entitled to interest from the bank on the amount to be refunded if the customer fails to exercise ordinary care to determine that the order was not authorized by the customer and to notify the bank of the relevant facts within a reasonable time not exceeding 90 days after the date the customer received notification from the bank that the order was accepted or that the customer's account was debited with respect to the order. The bank is not entitled to any recovery from the customer on account of a failure by the customer to give notification as stated in this section.
>
> ***
>
> Reasonable time under subsection (1) may be fixed by agreement as stated in section 1302(2), but the obligation of a receiving bank to refund payment as stated in subsection (1) may not otherwise be varied by agreement.

MCL 440.4704(1) and (2).

24. The fraudulent payments initiated by Ms. Hunter and processed by Huntington Bank were not authorized by Plaintiff, its authorized employees, and/or any of its authorized representatives in the manner in which they were presented to Plaintiff.

4

25. The fraudulent payments were not effective as an order of the customer under MCL 440.4704(1) or MCL 440.4702.

26. Pursuant to MCL 440.4704(2), "the obligation of a receiving bank to refund payment as stated in subsection (1) *may not otherwise be varied by agreement*," (emphasis added), and thus no account agreement may relieve Defendant of its obligation to refund payment as stated in MCL 440.4704(1).

27. Defendant was, and is, obligated to refund Plaintiff for funds transferred pursuant to the payment orders that were not authorized and were not effective as an order of the customer under MCL 440.4704(1).

28. Defendant was seasonably notified of the unauthorized transfer of funds out of Plaintiff's account, but has failed and/or refused to provide the refund required by MCL 440.4704(1).

29. Upon information and belief, Defendant's transfer of the funds violated Defendant's agreed-upon security procedures to the extent they may exist, and/or those security procedures are/were not commercially reasonable, and/or Defendant did not accept any payment order related to the above-described transactions in good faith.

30. As a direct and proximate result of Defendant's conduct in effectuating the unauthorized transfers, Plaintiff has suffered damages and is entitled to a refund of the amount of the fraudulent transactions, with interest pursuant to MCL 440.4704(1).

WHEREFORE, Plaintiff Beaver Research Company requests that this Court enter Judgment against Defendant Huntington Bank in an amount in excess of $25,000.00, including for refund of the unauthorized transfers, interest, costs, attorney fees, and all other relief available at law or equity.

## COUNT II – NEGLIGENCE

31. Plaintiff incorporates by reference paragraphs 1 through 30 above.

32. Defendant owed a duty to Plaintiff to act as a reasonably prudent commercial banking company would act.

33. Defendant Huntington Bank breached this duty to Plaintiff by failing to follow and/or implement necessary protocols or procedures sufficient to protect Plaintiff's account; failing to provide adequate notice to Plaintiff that unauthorized and/or suspicious transactions had occurred on its account; accepting the fraudulent orders and debiting Plaintiff's account; failing to identify suspicious patterns in Plaintiff's account; failing to make representatives available to receive alerts of unauthorized transactions; failing to have and implement proper protocol or procedures in place needed to prevent the actions described above from taking place; failing to seek return of the unauthorized amounts from Erin Marie Hunter, providing false information to Plaintiff about where the funds were going, and further breaches which discovery may reveal.

34. Defendant's breaches of duty resulted in damages to Plaintiff in an amount no less than the sum of the unreimbursed fraudulent transactions processed by Defendant Huntington Bank.

WHEREFORE, Plaintiff Beaver Research Company requests that this Court enter Judgment against Defendant Huntington Bank in an amount in excess of $25,000.00, including for refund of the unauthorized transfers, interest, costs, attorney fees, and all other relief available at law or equity.

## COUNT III – UNJUST ENRICHMENT

35. Plaintiff incorporates by reference paragraphs 1 through 34 above.

36. Defendant Huntington Bank, through its initiation of the extensive fraudulent transactions to Ms. Hunter's separate and individual Huntington Bank account(s), received the benefit of Plaintiff's right to the referenced funds.

37. Defendant Huntington Bank retained this benefit, and failed to re-credit Plaintiff's account.

38. It would be inequitable to allow Defendant Huntington Bank to retain the benefit obtained at the expense of Plaintiff.

39. Defendant Huntington Bank should thus be disgorged from such unjust enrichment and gain.

WHEREFORE, Plaintiff Beaver Research Company requests that this Court enter Judgment against Defendant Huntington Bank in an amount in excess of $25,000.00, including for refund of the unauthorized transfers, interest, costs, attorney fees, and all other relief available at law or equity.

## COUNT IV – BREACH OF CONTRACT

40. Plaintiff incorporates by reference paragraph 1 through 39 above.

41. In connection with the opening of its account with Defendant Huntington Bank, Plaintiff is believed to have entered into a Commercial Account Agreement with Defendant Huntington Bank, governed by Commercial Account Rules, which are in the possession of Defendant.

42. Pursuant to the Commercial Account Rules, Defendant Huntington Bank agreed to be bound by "all applicable laws, rules, and regulations, including, without limitation, the Uniform Commercial Code, the Bank Secrecy Act, as well as the rules and regulations of any money transfer systems, clearing houses, or Processors used by us in providing the Services."

43. Defendant Huntington Bank breached its obligations under the Commercial Account Rules by failing to comply with applicable state, federal law and/or guidelines, including but not limited to the duty to act in good faith and fair dealing, failing to properly investigate the disputed transactions, and/or misrepresenting and misapplying applicable NACHA operating guidelines, and more which discovery may reveal.

44. Such breaches of contract caused the damages described herein.

WHEREFORE, Plaintiff Beaver Research Company requests that this Court enter Judgment against Defendant Huntington Bank in an amount in excess of $25,000.00, including for refund of the unauthorized transfers, interest, costs, attorney fees, and all other relief available at law or equity.

## COUNT V – NEGLIGENT AND/OR INNOCENT MISREPRESENTATION

45. Plaintiff incorporates by reference paragraph 1 through 44 above.

46. Huntington Bank owed a duty of care to Plaintiff as its professional provider of banking and financial services.

47. In connection with the above-referenced transactions, Huntington Bank, through it security system and protocols, affirmatively represented to Plaintiff that the various funds were to be processed to accounts for the intended recipients.

48. Huntington Bank had knowledge or should have had knowledge at the time that each transactions were fraudulent or false because while one party appeared in the name of the transaction the actual account number was a personal account held by Ms. Hunter with Huntington Bank.

49. The representations made by Huntington Bank in relation to where the funds were going was material.

50. The representations made by Huntington Bank in relation to where the funds were going were false.

51. Huntington Bank was negligent in making the misrepresentations and breached its business and/or professional duty of care to provide accurate information to Plaintiff.

52. Huntington Bank did not use reasonable care in presenting accounts statement and information to Plaintiff which was false regarding the name of the recipient of funds debited from Plaintiff's account.

53. Plaintiff detrimentally and justifiably relied upon the misrepresented information provided by Huntington Bank in its banking statements.

54. Plaintiff was damaged by Defendant's misrepresentations.

WHEREFORE, Plaintiff Beaver Research Company requests that this Court enter Judgment against Defendant Huntington Bank in an amount in excess of $25,000.00, including for refund of the unauthorized transfers, interest, costs, attorney fees, and all other relief available at law or equity.

Respectfully submitted,

KREIS, ENDERLE,
HUDGINS & BORSOS P.C.

Dated: April 26, 2024

By: /s/ Daniel W. Boocher
Daniel W. Boocher (P81550)
Robb S. Krueger (P66115)
Attorneys for Plaintiff

9

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>9th     **JUDICIAL CIRCUIT**<br>COUNTY | | **SUMMONS** | | **CASE NO.**<br>2024-0267-CB |
| Court address<br>330 Eleanor Street, Kalamazoo, MI 49007 | | | *Curtis J. Bell* | Court telephone no.<br>(269) 383-8837 |

Plaintiff's name, address, and telephone no.
Beaver Research Company
3700 E Kilgore Road
Portage, MI 49002
269-382-0133

v

Defendant's name, address, and telephone no.
The Huntington National Bank
c/o CT Corporation System
40600 Ann Arbor Road E., Suite 201
Plymouth, MI 48170-4675

Plaintiff's attorney, bar no., address, and telephone no.
Daniel W. Boocher (P81550)/Robb S. Krueger (P66115)
Kreis, Enderle, Hudgins & Borsos, P.C.
333 Bridge Street, NW, Suite 900
Grand Rapids, MI 49504
616-254-8400

**FILED**
May 3, 2024
9TH JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☒ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>MAY 3, 2024 | Expiration date*<br>AUGUST 2, 2024 | Court clerk<br>*Denise Wilson* |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)   **SUMMONS**        MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons (3/23)                                                                                    Case No. _____

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served  ☐ personally  ☐ by registered or certified mail, return receipt requested, and delivery restricted to the addressee (copy of return receipt attached)  a copy of the summons and complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
|  |  |
| Place or address of service | |
|  |  |
| Attachments (if any) | |
|  |  |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

N/A
_____  on  5/21/2024
Attachments (if any)                              Date and time

DocuSigned by:
*J. Adam Behrendt*
BA8BBF4B8C5D427...                on behalf of   The Huntington National Bank
Signature
        J. Adam Behrendt

Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105